CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 18 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CLIFFORD CRAIG CROUSE, ) | |
| Petitioner, ) | Civil Action No. 7:06-CV-00020 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES OF AMERICA ) | By: Hon. James C. Turk |
| Respondent. ) | Senior United States District Judge |

Petitioner Clifford Craig Crouse, a federal inmate proceeding pro se, brings this Motion to Vacate, Set Aside, or Correct Sentence, under 28 U.S.C. § 2255. Petitioner contests the validity of the sentence he received after pleading guilty in 2005 to charges of conspiracy and manufacture of methamphetamine. Respondent has filed a Motion for Summary Judgment based on a clause in petitioner's written plea agreement in which he expressly waived his right to file a § 2255 motion, and petitioner responded, making respondent's motion ripe for the court's consideration. Upon review of the record, the court concludes that the waiver bars petitioner's § 2255 motion.

## I. PROCEDURAL HISTORY

A grand jury for the Western District of Virginia, at Abingdon, returned a seven count indictment on October 19, 2004, charging both petitioner and Devin Lee Black with (1) conspiracy to manufacture 500 grams or more of methamphetamine, (2) manufacture of more than 500 grams of methamphetamine,[1] (3) possession of pseudoephedrine with the intent to manufacture methamphetamine, and (4) creation of a substantial risk of harm to human life while manufacturing methamphetamine. These charges covered offenses taking place between September 2003 and April 2004. Additionally, petitioner was individually charged with (5) manufacture of methamphetamine, (6) maintenance of a place to manufacture methamphetamine, and (7) creation of a substantial risk

---

[1] Counts One and Two also charged each defendant with possession of a firearm.

to human life while manufacturing methamphetamine for offenses which took place during June 2004. The indictment charged that each defendant was responsible for 737 grams of methamphetamine and 40 grams of pseudoephedrine. After consulting with counsel, petitioner plead guilty on February 8, 2005 to Counts One and Five of the indictment. Pursuant to a written plea agreement, petitioner waived his rights to appeal his conviction and to collaterally attack the sentence under § 2255. The court conducted a Rule 11 colloquy in which petitioner affirmed that he was guilty of the crimes charged; that his plea was made voluntarily and without force or threats of any kind; that counsel had fully explained the terms of the written plea agreement to him and he was satisfied with his counsel's representation; that no promises had been made to him outside those contained in the written plea agreement; that he understood the court was not bound by the written plea agreement; that the Federal Sentencing Guidelines would be consulted by the court to determine an appropriate sentence; and that the maximum penalties could be imposed despite the terms of the written plea agreement. Following a pre-sentence investigation, the court sentenced the petitioner to 210 months of imprisonment for each of Counts One and Five, to be served concurrently. Counts Two, Three, Four, Six and Seven were dismissed. There was no appeal.

Although petitioner waived his right to file a § 2255 motion in his written plea agreement, he now files a Motion to Vacate, Set Aside, or Correct Sentence under § 2255, alleging three grounds for relief. First, petitioner alleges that his plea agreement has been breached. He claims that the use of his criminal history to determine sentencing was not mentioned in his plea agreement and respondent's encouragement that the court consider petitioner's criminal history in sentencing constitutes a breach of the written plea agreement. He further claims that had he known his criminal history would be used to enhance his sentence, he would not have accepted this particular plea agreement.[2] Second, he alleges several instances of ineffective assistance of counsel. Specifically,

---

[2]Petitioner nevertheless maintains that he does not wish to withdraw his guilty plea. (Pet.'s Mot. 18, 22.)

he claims that (1) counsel should have appealed the prior convictions being considered by the court in determining sentencing; (2) counsel was too eager to enter a plea bargain; (3) counsel did not adequately evaluate petitioner's sentencing options; and (4) counsel did not sufficiently investigate mitigating evidence to be presented during sentencing. Finally, petitioner asserts that the use of his criminal history to enhance his sentence violated his Fifth and Sixth Amendment rights because the fact of a prior conviction must be submitted to a jury before it can be used to determine his sentencing range.

## II. DISCUSSION

### A. Petitioner's § 2255 Waiver is Valid.

Respondent argues that petitioner is not entitled to relief because he waived his right to collaterally attack his conviction and sentence. The court must agree.

The United States Court of Appeals for the Fourth Circuit has established that "a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."[3] United States v. Lemaster, 403 F.3d 216, 219 (4th Cir. 2005). Petitioner has stated that he does not wish to withdraw his guilty plea, and none of his claims fall within recognized exceptions to a valid waiver. Therefore, as long as petitioner's plea and waiver of collateral attack rights were "knowing and voluntary," his conviction and sentence cannot be challenged, and his § 2255 motion must be dismissed.

The Supreme Court has stated that "'whether there has been an intelligent waiver . . . must depend, in each case, upon the particular facts and circumstances surrounding that case, including

---

[3] The Fourth Circuit has determined that a narrow range of exceptions in which claims may be raised despite a defendant's waiver of the right to appeal or collaterally attack a sentence. Specifically, "[a]n express knowing waiver will not bar appeal of a sentence when the sentence was (1) imposed in excess of the maximum penalty provided by law or (2) based on a constitutionally impermissible factor, such as race." United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000). See also United States v. Marin, 961 F.2d 493 (4th Cir. 1992); United States v. Bowden, 975 F.2d 1080 (4th Cir. 1992). Additionally, a waiver will not prevent a defendant from raising a claim that he was wholly denied the assistance of counsel at some point after the plea. United States v. Attar, 38 F.3d 727, 732 (4th Cir 1994).

the background, experience, and conduct of the accused.'" United States v. Davis, 954 F.2d 182, 186 (4th Cir. 2002), quoting Johnston v. Zerbst, 304 U.S. 458, 464 (1938). When a petitioner's § 2255 motion alleges that a waiver was not made knowingly and voluntarily, a court must examine the allegations along with the record of the Rule 11 colloquy to determine whether the § 2255 motion should be dismissed. Lemaster, 403 F.3d at 220. A court must be able to rely on statements made during a properly conducted Rule 11 colloquy. Statements made under oath "carry a strong presumption of verity" and present "'a formidable barrier in any subsequent collateral proceedings.'" United States v. White, 366 F.3d 291, 295-96 (4th Cir. 2004), quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977). Therefore, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements . . . are always 'palpably incredible' and 'patently frivolous or false.'" Lemaster, 403 F.3d at 221, quoting Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975). Except under extraordinary circumstances, "the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22. Claims unrelated to the voluntariness of petitioner's plea agreement or waiver are barred by a valid waiver. Id. at 219.

Review of the transcript of petitioner's Rule 11 colloquy clearly demonstrates that petitioner knowingly and voluntarily waived his right to file this § 2255 motion attacking his sentence. The plea agreement, which is initialed on each page by the petitioner and signed by him on the final page, provides that he agrees "not to collaterally attack the judgement and/or sentence imposed in this case and waive[s] his right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon [him] by the Court." (Plea Agr. at ¶ 11, Feb. 8, 2005.) During the plea hearing, Assistant U.S. Attorney Jennifer Bockhorst restated the terms of the plea agreement for the court, including petitioner's agreement to waive certain rights. "You

-4-

waive your right to appeal the sentence and conviction in this case. You waive your right to collaterally attack the judgment and sentence imposed by the Court." (Tr. 7.) After listening to the terms of the written plea agreement, petitioner agreed to them by stating that he wished to plead guilty. (Tr. 9.)

The court then questioned petitioner to determine the voluntariness of his plea and his understanding of its terms. Petitioner, who has a high school diploma (PSIR 2.), confirmed that he was competent to plead guilty:

> "**The Court:** As you stand here today, do you have any mental problem or anything that prevents you from knowing what you're doing?
> **The Defendant:** No, sir.
> **The Court:** Do you yourself have a drug problem?
> **The Defendant:** No, sir.
> **The Court:** You don't feel like that [sic] you have a problem that needs any treatment?
> **The Defendant:** No, sir.
> **The Court:** As far as you understand the meaning of the word voluntary, are you voluntarily making this plea of guilty?
> **The Defendant:** Yes, sir, Your Honor."

(Tr. 10). Petitioner also confirmed that he had read the plea agreement himself; that he understood the maximum penalty for each count; that he knew the Sentencing Guidelines would be consulted to determine his sentence; that he was waiving his right to a jury trial; and that no force or threats had been used to compel his plea. (Id. at 9-12.) The clerk then read petitioner's plea to him:

> "**The Clerk:** In the presence of John Bradwell, my counsel, who has fully explained the charges contained in the indictment against me and having received a copy of the indictment from the United States Attorney before being called upon to plea, I hereby plead guilty to counts one and five of said indictment. I have been advised of the maximum punishment which may be imposed by the Court for this offense. My plea of guilty is made voluntarily and without threat or promises of any kind. Is this your plea?
> **The Defendant:** Yes."

(Id. at 12-13.)

Petitioner's testimony at the Rule 11 colloquy conclusively establishes that he understood the terms of his plea agreement and that his guilty plea was made knowingly and voluntarily.

Therefore, only claims relating to the voluntariness of petitioner's plea and waiver may be addressed, and claims contradicting petitioner's sworn statements must be dismissed.

Petitioner states in his motion that he does not wish to withdraw his guilty plea, and only three of petitioner's allegations implicate the voluntariness of his plea agreement. First, petitioner alleges that he was forced to withdraw the original plea agreement and was coerced into signing a second, revised plea agreement. The colloquy transcript shows this claim to be unsubstantiated. The court asked petitioner if "any force or threats [were] imposed against [him] to compel [him] to plead guilty . . ." (Tr. 10.). Petitioner responded, "No, sir." (Id.) Petitioner further stated that his guilty plea was made voluntarily. (Id.) Petitioner's current claim is directly contradictory to his sworn testimony.

Second, petitioner alleges that he did not stipulate to his prior convictions in the plea agreement, and they were improperly used to enhance his sentence. While he does not wish to withdraw his guilty plea, he claims his plea is not knowing and voluntary because he would not have consented to the plea agreement if he had known that his criminal history would be considered at sentencing. However, the plea agreement signed and initialed by the petitioner states that he "underst[oo]d that a sentencing guideline range [would] be determined presumptively from a variety of factors involved in the offense and related conduct, including [his] role in the offense and *[his] prior criminal history*." (Plea Agr. at ¶ 1 (emphasis added).) During the Rule 11 colloquy, petitioner affirmed that he had read the plea agreement himself and understood its terms. (Tr. 9.) Assistant U.S. Attorney Jennifer Bockhorst stated in the colloquy that determination of sentencing was within the court's discretion and was "subject to the Court's consideration of the United States Sentencing Guidelines and factors set forth by statute." (Id. at 3.) The Sentencing Guidelines allow sentence enhancements based on criminal history. When questioned by the court, petitioner affirmed that he understood the Sentencing Guidelines would be consulted to determine his sentence and felt like they

-6-

had been adequately explained to him. (Id. at 9.) Petitioner's claim that was unaware that his criminal history would be used to enhance his sentence is inconsistent with the statements he made under oath.

Finally, petitioner claims that counsel was ineffective because he was overeager to enter into a plea agreement. During petitioner's Rule 11 colloquy, petitioner acknowledged that he had "discussed the terms of the plea agreement and all matters pertaining to the charges against [him] with [his] attorney and [was] satisfied with him and his advice." (Id. at 8.) Petitioner's current claim that he is dissatisfied with counsel is incompatible with the statements made by him under oath.

Because all three claims directly contradict petitioner's sworn Rule 11 testimony, they must be considered "palpably incredible and patently frivolous or false," and do not overcome the validity of petitioner's plea and waiver. Lemaster, 403 F.3d at 222.

**B. The Plea Agreement Was Not Breached.**

A government promise that is part of the incentive for a plea agreement must be satisfied, and failure to do so constitutes a breach of the plea agreement and violates due process. See United States v. White, 366 F.3d 291. 295 (4th Cir. 2004); United States v. McQueen, 108 F.3d 64, 66 (4th Cir. 1996); United States v. Martin, 25 F.3d 211, 217 (4th Cir. 1994). Petitioner alleges that because consideration of his criminal history was not an element of his plea agreement, respondent's urging that the court use his criminal history to enhance his sentence amounts to a breach of the plea agreement. This allegation is unsupported by the record of petitioner's plea agreement or sworn Rule 11 testimony.

Petitioner's breach claim is substantially based upon his allegation that he and respondent stipulated in the plea agreement that he would be sentenced using an Offense Level of thirty-four and a Criminal History Category of I. Petitioner also claims that despite the fact that the plea agreement made no mention that his criminal history may be used to determine his sentence, respondent urged

the court to enhance his sentence based upon his criminal history. Petitioner is mistaken on both of these claims.

As this court has already established, the plea agreement clearly states that criminal history will be a relevant factor in determining petitioner's sentence. Additionally, the plea agreement does not specify an Offense Level or Criminal History Category. In fact, the plea agreement states that "[n]o guarantee has been made by the United States Attorney's Office regarding the effect of the Guidelines on [petitioner's] case." (Plea Agr. at ¶ 21.) The plea agreement also states that petitioner agrees and stipulates that he should be sentenced in accordance with Chapters One through Eight of the Sentencing Guidelines, and that at least three specific Guidelines are applicable to his case. (Id. at ¶ 4.) It also states that "other Guidelines' sections may be applicable to [his] case and that [he] and the United States [] [would] be free to make arguments that these other sections should or should not apply." (Id.) As state, petitioner signed the plea agreement and initialed each page to indicate that he had read and understood it.

During petitioner's Rule 11 colloquy, he affirmed that he understood that he had stipulated to three specific Guidelines; that both he and the United States would be able to make arguments that other sections of the Guidelines did or did not apply; that he felt satisfied that he understood the Guidelines; that no promises had been made to him outside of those in the written plea agreement; and that he recognized that court was not bound by the recommendations contained in the plea agreement and had discretionary power to sentence him up to the maximum provided for by law. (Tr. 4-10.)

Based on two prior convictions and the terms of the written plea agreement, the Pre-sentence Investigation Report ("PSIR") recommended petitioner be assessed two criminal history points in accordance with sections 4A1.1(c), 4A1.2(a)(4), and 4A1.2(f) of the Sentencing Guidelines. This gave petitioner a Criminal History Category of II. He was also assessed an Offense Level of thirty-

-8-

six. Under the relevant statutes, the mandatory minimum and maximum term of imprisonment for Count One is ten years to life, and the maximum fine is $4,000,000. 21 U.S.C. §§ 846, 841(b)(1)(C) (2006). The maximum term of imprisonment for Count Five is twenty years, and the maximum fine is $5,000,000. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) (2006). Based upon his Offense Level and Criminal History category, the Guidelines recommended a sentence ranging from 210 to 262 months. Petitioner was ultimately sentenced at the lowest end of the range: 210 months (seventeen and one half years) imprisonment.

The record clearly demonstrates that petitioner was aware that his criminal history may be used to determine his sentence and had notice that any argument by the government concerning the use of his criminal history to determine his sentence in accordance with the Sentencing Guidelines was permitted. Further, petitioner was aware that the court was not bound by the plea agreement, and that he may have been sentenced up to the statutory maximum, which could have meant life imprisonment. Because petitioner's current allegations directly contradict his statements under oath, the court finds his claim to be "patently frivolous or false." Lemaster, 403 F.2d at 221. Therefore, the court must dismiss this claim without a hearing.

## C. Under Lemaster, Petitioner's Remaining § 2255 Claims are Barred by His Waiver.

This court has already determined that petitioner's plea and waiver were knowing and voluntary. The transcript of petitioner's Rule 11 colloquy reflects that he had read the plea agreement himself, and understood its terms. (Tr. 9-12.) Petitioner understood that he was waiving his right to collaterally attack his sentence and he presents no evidence of extraordinary circumstances that would overcome his valid waiver. Under Lemaster, allegations made in a § 2255 motion that are contradictory to sworn testimony must be dismissed as waived. Additionally, any claim falling within the scope of petitioner's § 2255 waiver must be dismissed.

Petitioner alleges that counsel's performance was deficient in several ways[4]. However, if a defendant's waiver of his right to bring a § 2255 motion is valid, then a subsequent § 2255 motion claiming ineffective assistance of counsel is waived, "so long as the ineffective assistance of counsel claim does not bear on the validity of the plea or the waiver itself," and such waivers "cannot be distinguished in any way from other fundamental constitutional rights that defendants are permitted to waive." Braxton v. United States, 358 F. Supp. 2d 497, 501-502 (W.D. Va. 2005). Under established Fourth Circuit precedent, petitioner's plea and § 2255 waiver are valid. Petitioner's remaining ineffective assistance claims all relate to sentencing, not to the validity of his plea or waiver. Therefore, these ineffective assistance of counsel claims are waived. Petitioner's final claim, that the use of the Sentencing Guidelines violates his constitutional rights, is also waived.

## III. CONCLUSION

In conclusion, the court must grant respondent's Motion for Summary Judgment. Petitioner knowingly and voluntarily entered into a plea agreement that contained a valid waiver of his right to bring a § 2255 motion, and all of his current claims either fall within the scope of that waiver or are without merit.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 18th day of July, 2006.

/s/ James C. Turk
Senior United States District Judge

---

[4] *Inter alia*, (1) counsel should have appealed the prior convictions being considered by the court in determining sentencing; (2) counsel was too eager to enter a bargain; (3) counsel did not adequately evaluate petitioner's sentencing options; and (4) counsel did not sufficiently investigate mitigating evidence to be presented during sentencing.

-10-